Derbigny, J.
delivered the opinion of the court. The plaintiffs being creditors of Dominique Seghers, conceived some apprehensions of his insolvency, and suspecting that he intended to defraud them, applied for a general sequestration of his property. In doing so, they employed counsel, to whom remuneration is due; but they say that, in as much as this step was taken for the benefit of all the creditors, that expense ought to be charged to the common stock.
*18 East’n District.
April, 1820.
This application, though perhaps unprecedented, is supported on the authority of the case of Morel vs. Misotiere’s syndics, and on general principles of equity. If the allegation of the plaintiffs that the course, by them pursued, turned to the advantage of the creditors generally, was well founded on fact, it would indeed seem reasonable that they should recover their expenses ; but they were bound to shew that clearly and satisfactorily. Have they done so ?
At the time of suing out the sequestration, Dominique Seghers, for aught that appears, might have gone on with the management of his business. His schedule shows sufficient substantial property to pay his debts. The assertion that he was endeavouring to remove it out of the reach of his creditors is not supported by proof; the principal fact, on which it rests is the shipping of eighteen bales of cotton to Europe ; but he had to pay, for the boarding and schooling of some of his children, a sum nearly equal to the value of that cotton.
By compelling D. Seghers to fail, it is by no means clear that the plaintiffs have benefitted his creditors generally ; but it is very certain, that they have done no good to those, at least, whose debts were secured by mortgage, *19 and who are entitled to a considerable part of the common stock. There is no reason then why that common stock should be charged with these expenses.
Grymes for the plaintiffs, Seghers for the defendants.
It is, therefore, ordered, adjudged and decreed that the judgment of the district court be reversed, and that judgment be entered for the defendants with costs.